**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| Juan Gaytan, and his spouse, Amy Gaytan,<br><br>Plaintiffs,<br>v.<br><br>Airbnb dba Airbnb Payments, Inc., Airbnb, Inc., Kimberly Guildner, Brock Guildner, and BKPM 1629 Kissing Way, LLC<br><br>Defendants. | Civil Action No.<br><br>CASE NO. BELOW:<br>CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE<br>No. 25-CV-317-IV |

**AIRBNB INC.'S AND AIRBNB PAYMENTS, INC.'S NOTICE OF REMOVAL**

Defendants Airbnb, Inc. ("Airbnb") and Airbnb Payments, Inc. ("Airbnb Payments") (collectively, the "Airbnb Defendants"), hereby submit their Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. The Airbnb Defendants state that Airbnb does not do business as Airbnb Payments (as shown in Plaintiffs' caption of the Original Complaint and Amended Complaint). Airbnb, Inc. and Airbnb Payments, Inc. are separate corporations.

Removal to this Court is appropriate under 28 U.S.C. § 1332(a) because complete diversity exists between Plaintiffs Juan Gaytan and Amy Gaytan, and all Defendants, none of whom are Tennessee citizens, and the amount in controversy,

based on the facts alleged by Plaintiffs, exceeds $75,000. The following grounds support removal:

## I. BACKGROUND

1. Plaintiffs initiated this civil action by filing their Original Complaint in the Circuit Court of Sevier County, Tennessee, Case No. 25-CV-317-IV, on or about June 6, 2025. A true and correct copy of Plaintiffs' Original Complaint is attached hereto as Exhibit 1.
2. A copy of the Original Complaint and Summons were personally served on Airbnb Payment's registered agent in Tennessee on June 27, 2025.
3. At a date believed to be on or around June 13, 2025 based on the date on the document, Plaintiffs filed an Amended Complaint in the state-court action. The Amended Complaint added Airbnb, Inc. as a party to the action. A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit 2.
4. A copy of the Amended Complaint was served via regular mail to Airbnb Payments' Tennessee registered agent on June 17, 2025, before the Original Complaint was served via personal service to Airbnb Payments' Tennessee registered agent.

5. Airbnb was served with the Amended Complaint on July 7, 2025, via certified mail to its registered agent, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833.
6. Exhibit 3 hereto includes the current state court docket sheet and full docket file (44 pages) received from the state court on July 10, 2025.
7. Because the Airbnb Defendants are filing this Notice of Removal within 30 days of service of the Original Complaint and summons on Airbnb Payments (June 27, 2025), and within 30 days of regular mail service (without conceding such service was sufficient service of the summons in this action) of the Amended Complaint on Airbnb Payments (June 17, 2025), and within 30 days of the certified mail service of the Amended Complaint and summons on Airbnb, Inc. (July 7, 2025), this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).
8. Pursuant to 28 U.S.C. § 1446(a), the state court case may be removed to this United States District Court for the Eastern District of Tennessee because Sevier County is within its jurisdiction.
9. By this Notice of Removal, Plaintiffs and their counsel, Timothy M. McLaughlin, McLaughlin Legal, 6200 Baum Drive, Suite 103, Knoxville, Tennessee 37919, (865) 637-4223, tim@mclaughlinlegalfirm.com, are

hereby notified that this civil action has been removed to the United States District Court for the Eastern District of Tennessee.

10. All other Defendants (Kimberly Guildner, Brock Guildner, and BKPM 1629 Kissing Way, LLC) have consented to removal of this action.

11. Pursuant to 28 U.S.C. § 1446(d), the Airbnb Defendants will promptly file written notice of this Notice of Removal with the Clerk of the Circuit Court of Sevier County, and serve Plaintiffs with a copy of such notice via their counsel. The Notice of Filing Notice of Removal is attached hereto as Exhibit 4.

## II. REMOVAL UNDER 28 U.S.C. § 1332(a) IS APPROPRIATE

12. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a) exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and a "federal court may not exercise diversity jurisdiction unless the parties are completely diverse." *US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 428 (6th Cir. 2025).

### A. Complete Diversity of Citizenship Exists

13. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989).

14. In their Amended Complaint, Plaintiffs state that "Juan and Amy Gaytan, are citizens and residents of Lake County, Indiana," and reside at the Hammond, Indiana address listed in the caption. Ex. 2 at ¶ 1 and caption.

15. Defendants Kimberly Guildner and Brock Guildner are alleged by Plaintiffs to be residents of Mead, Colorado. *See* Ex. 2 at caption. The state court file confirms that attempted service on the Guildners (and BKPM 1629 Kissing Way, LLC) was made in Colorado. *See* Ex. 3 at 34-42.

16. A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380-81 (6th Cir. 2023) (citing 28 U.S.C. § 1332(c)(1)).

17. Defendant Airbnb Payments is a corporation formed under the laws of Delaware, with its principal place of business located at 888 Brannan Street, San Francisco, California, 94103. A true and correct copy of Airbnb Payments' May 21, 2025, Statement of Information filed with the California Secretary of State, identifying its place of incorporation (Delaware) and principal place of business (California), is attached hereto as Exhibit 5.

18. Defendant Airbnb is a corporation formed under the laws of Delaware, with its principal place of business located at 888 Brannan Street, 4th Floor, San

Francisco, California, 94103. A true and correct copy of Airbnb's June 24, 2025, Statement of Information filed with the California Secretary of State, identifying its place of incorporation (Delaware) and principal place of business (California), is attached hereto as Exhibit 6.

19. In addition to the attached Statements of Information, Plaintiffs themselves have alleged that Airbnb Payments is a Delaware corporation with its principal place of business in California, and that Airbnb is a foreign (to Tennessee) corporation. *See* Ex. 2 at ¶¶ 2-3.

20. Defendant BKPM 1629 Kissing Way, LLC is alleged by Plaintiffs to be a foreign (to Tennessee) limited liability company. *See* Ex. 2 at ¶ 4 and caption.

21. A true and correct copy of BKPM 1629 Kissing Way, LLC's March 26, 2025, Periodic Report, filed with the Colorado Secretary of State, identifying its place of incorporation (Colorado) and principal place of business (Colorado), is attached hereto as Exhibit 7.

22. On information and belief from discussion with the Guildners' counsel, the LLC members for BKPM 1629 Kissing Way, LLC's are the Guildners, who are both residents of the state of Colorado, and the members do not include entities with citizenship in Indiana or Tennessee.

23. "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

24. Based on the foregoing, complete diversity exists between Plaintiffs (Indiana) and Defendants (Delaware, California, and Colorado) for purposes of 28 U.S.C. § 1332(a), and no Defendant is a citizen of Tennessee.

**B. The Amount in Controversy Exceeds $75,000**

25. As the parties seeking removal, the Airbnb Defendants can satisfy the burden of demonstrating that Plaintiffs could recover in excess of $75,000 if they were to prevail on all of their claims and requested damages.

26. Here, Plaintiffs' prayer for relief states that "Juan Gaytan sues the Defendants for such damages, not to exceed 2 Million Dollars ($2,000,000.00)" and "Amy Gaytan sues the Defendants for such damages, not to exceed Two Hundred Thousand Dollars ($200,000.00)."[1] Ex. 2 at Prayer for Relief. Juan Gaytan seeks damages for injuries "including but not limited to a broken jaw, broken nose, and nerve damage," medical treatment including "required surgeries," "permanent physical impairment," and "past and future" pain and suffering, loss of ability to enjoy life, and loss of earnings. *Id.*

[1] The Airbnb Defendants reserve the right to contest Plaintiffs' entitlement to and/or the amount of damages.

27. In a diversity removal such as this, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2); *see also Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (explaining that for purposes of diversity jurisdiction, "[t]he amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith").

28. Here, Plaintiffs are the master of their Complaint and affirmatively chose to identify claimed damages being not in excess of ***$2 million*** for Juan Gaytan, and ***$200,000*** for Amy Gaytan. *See* Ex. 2 at Prayer for Relief. By identifying damages claims well in excess of the $75,000 jurisdictional threshold, Plaintiffs themselves have demonstrated that removal is appropriate.

## III. NON-WAIVER OF DEFENSES

29. By removing this action, the Airbnb Defendants do not waive any defenses available in federal or state court and expressly reserve the right to assert all such defenses in any responsive pleading. Nor should the removal be considered a general appearance or waiver of any defense based upon lack of jurisdiction.

30. By removing this action, the Airbnb Defendants do not admit any of the allegations in Plaintiffs' Complaint. Nothing in this Notice of Removal shall be construed as an admission that Plaintiffs' allegations are sufficient to state

a claim or have any substantive merit as to the Airbnb Defendants or any other Defendant.

## IV. CONCLUSION

Based on the foregoing, the Airbnb Defendants have demonstrated that removal of this matter to the United States District Court for the Eastern District of Tennessee is appropriate because complete diversity of citizenship exists between Plaintiffs and Defendants, none of whom are citizens of Tennessee, and the alleged amount in controversy exceeds $75,000. A Civil Cover Sheet is attached hereto as Exhibit 8.

Respectfully submitted,

PAINE, BICKERS, ELDER, KING & WILLIAMS, LLP

*/s/ Lindsey M. Collins*
Michael J. King, #015523
Lindsey M. Collins, #033426
900 S. Gay Street, Suite 2200
Knoxville, TN 37902
(865) 525-0880 (phone)
mking@painebickers.com
lcollins@painebickers.com

July 16, 2025

*Attorneys for Airbnb, Inc. and Airbnb Payments, Inc.*